J-S59003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY LEE OLDS, | |
| Appellant | No. 1319 WDA 2014 |

Appeal from the PCRA Order July 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006857-1979
CP-02-CR-0007090-1979

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,*

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 12, 2016**

This matter is again before this panel upon remand from the Supreme Court.  We vacate the September July 15, 2014 PCRA order, vacate Appellant's judgment of sentence, and remand for resentencing.

On April 2, 1980, Appellant was found guilty of second-degree murder, robbery, and conspiracy based on a crime that he committed when he was fourteen years old.  On April 28, 1981, Appellant was sentenced to a mandatory term of life imprisonment without parole ("LWOP") based upon his second-degree murder conviction.  On November 25, 1983, we affirmed the judgment of sentence.  ***Commonwealth v. Olds***, 469 A.2d 1072 (Pa.Super. 1983).

_____
* Former Justice specially assigned to the Superior Court.

Appellant litigated his first request for post-conviction relief, which was counseled, through the trial and appellate courts from 1984 through 1992. During that proceeding, the court denied relief, we reversed, and our Supreme Court reversed this Court, reinstating the denial of post-conviction relief. Appellant filed his second petition collaterally attacking his judgment of sentence on July 13, 2010. Relief was denied, we affirmed, and our Supreme Court denied allowance of appeal.

Appellant filed a third PCRA petition on August 20, 2012, within sixty days of the June 25, 2012 issuance of *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which held that a mandatory sentence of LWOP could not be imposed upon juvenile homicide offenders due to the Eighth Amendment's prohibition against cruel and unusual punishment. Counsel was appointed. The PCRA court stayed the PCRA proceeding until the Pennsylvania Supreme Court ruled on whether *Miller* would be given full retroactive effect to PCRA petitioners. Our Supreme Court thereafter decided that *Miller* would not be applied in the post-conviction context. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).

The PCRA court herein then dismissed Appellant's August 20, 2012 PCRA petition. On appeal, This panel affirmed. *Commonwealth v. Olds*, 2015 WL 650915 (unpublished memorandum, Oct. 27, 2015). Before this panel, Appellant claimed that his PCRA petition was timely filed under the third exception to the PCRA's mandate that all PCRA petitions must be filed

within one year of when a petitioner's judgment of sentence became final. That exception provides that a PCRA petition is considered timely if "the right asserted [in the petition] is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. 9545(b)(1)(iii). We noted that the exception was inapplicable in that neither the United States Supreme Court nor the Pennsylvania Supreme Court had determined that *Miller* applied retroactively. On February 25, 2016, our Supreme Court reversed and remanded the October 27, 2015 decision of this panel due to the issuance of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which overruled *Cunningham* by holding that *Miller* was to be given retroactive effect.

Shortly after *Montgomery's* issuance, this Court disseminated a published opinion in *Commonwealth v. Secreti*, 2016 WL 513341 (Pa.Super. 2016). Therein, Secreti had been sentenced to automatic life imprisonment without the possibility of parole for committing first degree murder as a juvenile, and filed a PCRA petition seeking relief under *Miller.* Relief was denied, and Secreti was on appeal when *Montgomery* was decided. On February 9, 2016, following issuance of *Montgomery,* this Court in *Secreti* noted that the *Miller* rule of law had been held to be retroactive for purposes of collateral review under *Montgomery*. We

- 3 -

decided that, since **Secreti** had invoked 42 Pa.C.S. § 9545(b)(1)(iii), he was entitled have his judgment of sentence vacated under **Miller** and to be re-sentenced in accordance with the dictates of our Supreme Court's decision in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).

Based on **Secreti** and due to Appellant's express invocation of § 9545(b)(1)(iii) in this appeal, we vacate the order of the PCRA court, vacate the judgment of sentence, and remand for a new sentencing hearing under **Batts**.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Donohue did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016

- 4 -